**FREEDOM NEWSPAPERS, INC., d/b/a Colorado Springs Gazette Telegraph and Ben Wood, Plaintiffs-Appellants,**

v.

**David BOWERMAN, M.D., Coroner, County of El Paso, Barney Iuppa, District Attorney, Fourth Judicial District, County of El Paso, Defendants-Appellees.**

No. 85CA0640.

Colorado Court of Appeals, Div. II.

March 19, 1987.

Rehearings Denied April 16, 1987.

Certiorari Denied July 13, 1987.

Cooper & Kelley, P.C., Thomas B. Kelley, Denver, for plaintiffs-appellants.

Gary L. Schupp, El Paso Co. Atty., Ann A. Maenpaa, Deputy Co. Atty., Colorado Springs, for defendant-appellee David Bowerman.

Barney Iuppa, Colorado Springs, pro se.

STERNBERG, Judge.

This case concerns the classification of coroners' autopsy reports under Colorado's open records laws, and the issue of who should have the burden of proving whether disclosure of a particular autopsy report will be harmful to the public interest. We disagree with the trial court's conclusion that the reports were not public records and that the Criminal Justice Records Act controls. Therefore, we reverse.

The plaintiff, Freedom Newspapers, Inc., requested the county coroner to allow it to inspect autopsy reports on three homicide victims pursuant to the Colorado Open Records Act, § 24–72–201, et seq., C.R.S. (1982 Repl.Vol. 10). The custodians of the reports, the county coroner and the district attorney, resisted disclosure. They claimed the reports were criminal justice records, not public records, and that denial of inspection was authorized under the Criminal Justice Records Act, specifically § 24–72–305(5) (1982 Repl.Vol. 10), which allows the custodian discretion to deny access to law enforcement investigatory records on the grounds that disclosure would be contrary to the public interest. The court heard argument and examined each of the autopsy reports.

The trial court noted that § 24–72–202(6), C.R.S. (1982 Repl.Vol. 10) specifically excludes criminal justice records from the purview of the Open Records Act. The court found that the investigative portions of autopsy reports fit within the definition of "criminal justice records" in § 24–72–302(4), C.R.S. (1982 Repl.Vol. 10) and that the coroner's function in performing autopsies in homicide cases fits within the definition of a "criminal justice agency" in § 24–72–302(3), C.R.S. (1982 Repl.Vol. 10). The court indicated that coroners' reports not related to an "active" homicide investigation would not fall within the definitions of the Criminal Justice Records Act and would be subject to inspection under the Open Records Act.

The trial court then held that the coroner had properly exercised his discretion in denying access to the autopsy reports under § 24–72–305(5) on the grounds that disclosure of their contents at that time would be contrary to the public interest. The court sustained the coroner's discretionary ruling on the basis of its conclusion that, because the criminal investigation concerning the homicides in question was still "active" and the passage of time was not great, disclosure would be contrary to the public interest in that it would be counterproductive to the immediate apprehension of the perpetrator of the homicides. The court's final order was that an abridged version of the report should be released with all investigatory information excised by the district attorney.

The basic issue to be resolved here is whether, under Colorado's open records laws, autopsy reports on homicide victims are criminal justice records under the purview of the Criminal Justice Records Act or are public records under the Open Records Act. If they are within the ambit of the former Act, then the custodian of the records has the discretion to deny access to them on the grounds that disclosure would be contrary to the public interest, but if they fall under the latter Act, then, before access to them may be denied, the custodian must petition the court under § 24–72–204(6), C.R.S. (1982 Repl.Vol. 10) and establish that disclosure would "do substantial injury to the public interest."

In *Denver Publishing Co. v. Dreyfus*, 184 Colo. 288, 520 P.2d 104 (1974), decided before passage of the Criminal Justice Records Act, the supreme court held coroners' autopsy reports to be open to inspection under the Open Records Act by virtue of C.R.S. 1963, § 113–2–4(3)(b) (now § 24–72–204(3)(a)(I), C.R.S. (1982 Repl.Vol. 10)). This section of the Open Records Act states as follows:

"The custodian shall deny the right·of inspection of the following records ...
(1) Medical, psychological, sociological, and scholastic achievement data on individual persons, *exclusive of coroners' autopsy reports*...." (emphasis added)

The *Dreyfus* court found that the use of the phrase "exclusive of coroners' autopsy reports" in the statute made clear the intent of the General Assembly to classify autopsy reports as public records open to inspection.

In *Dreyfus*, the supreme court also held that the autopsy reports sought were not "investigatory files" and that the custodian therefore did not have discretion to deny the right of inspection under C.R.S. 1963, § 113–2–4(2)(a). That section was repealed and reenacted, in substantially the same language, as § 24–72–305(5), C.R.S. (1982 Repl.Vol. 10), the section of the Criminal Justice Records Act which the custodians here claim as authority for discretionary denial of inspection.

The supreme court also held in *Dreyfus* that C.R.S. 1963, § 113–2–4(6) (now § 24–72–204(6), C.R.S. (1982 Repl.Vol. 10) anticipated situations in which it might be contrary to the public interest to release to the public a particular autopsy report early in an investigation into the death of the subject of the report. This section provides that the custodian of a record may apply to a district court to prevent disclosure of an otherwise available record when he feels that disclosure would do substantial injury to the public interest. While the burden of proof is clearly on the custodian of the report under this section, the court stated that the burden would appear to be easily met under circumstances in which nondisclosure of the cause of death would be advantageous in the early stages of a criminal investigation.

Given the specific mention of coroners' autopsy reports in the Open Records Act, and the supreme court's holding in *Denver Publishing Co. v. Dreyfus*, we disagree with the trial court's conclusion that coroners' autopsy reports are to be considered criminal justice records under the Criminal Justice Records Act. Inasmuch as the General Assembly amended the Open Records Act to provide more specific treatment for criminal justice records, with the *Dreyfus* decision outstanding, we conclude that it would not have retained the specific reference to coroners' autopsy reports in the Open Records Act if it had intended for these reports to be covered under the Criminal Justice Records Act.

Consequently, we hold that an autopsy report on a homicide victim may be withheld from public inspection by the custodian thereof only pursuant to the procedure provided under § 24–72–204(6), C.R.S. (1982 Repl.Vol. 10).

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

SMITH and CRISWELL, JJ., concur.